112      SUPREME COURT OF WISCONSIN.      [82

Vangindertaelen vs. The Phenix Ins. Co. of Brooklyn, N. Y.

VANGINDERTAELEN, Respondent, vs. THE PHENIX INSURANCE COMPANY OF BROOKLYN, N. Y., Appellant.

*March 24 — April 12, 1892.*

INSURANCE AGAINST FIRE. (*1*) *Failure to furnish proofs of loss within time prescribed: Forfeiture.* (*2*) *Award of arbitrators as condition precedent to action.* (*3*) *Waiver of defects in proofs of loss.*

1. A policy provided that notice of a loss should be given within six days, that proofs of loss should be furnished within thirty days thereafter, and that the loss should be payable sixty days after the proofs were received at the company's office. *Held* that, in the absence of a provision to that effect, a failure to furnish the proofs of loss within the time prescribed did not operate as a forfeiture of the policy, but merely postponed the maturity of the claim.

2. The policy provided that if the company and the assured failed to agree as to the amount of the loss, the matter should be submitted to arbitrators, and that no action for the recovery of any claim by virtue of the policy should be sustainable until an award should be obtained, which was thereby agreed to be a condition precedent. *Held*, that where proofs of loss had been furnished to the company, and no objection thereto had been made and no suggestion that an arbitration be had, an action commenced three months after such proofs were furnished could not be defeated on the ground that there had been no arbitration. The award was a condition precedent to the action only in case of a disagreement as to the amount of the loss.

3. The reception and retention of proofs of loss by the company without objection was a waiver of defects therein.

APPEAL from the Circuit Court for *Brown* County.

On August 5, 1890, the defendant executed and delivered to the plaintiff a policy of insurance upon the personal property therein described, to the amount of $850, in and by which the defendant insured the same to the plaintiff against loss by fire, from August 5, 1890, to August 5, 1891. Said policy contained, in effect, the following provisions: That persons sustaining loss or damage by fire should within six days give notice of such loss to the company, and within

thirty days thereafter render a particular and specific account of such loss, signed and sworn to by them, as therein prescribed, and should produce the usual certificate of a magistrate or notary public, as therein prescribed; that the amount of loss or damage should be estimated according to the actual cash or market value of the property at the time of the loss, and be paid sixty days after the proofs of the same required by the company should be made by the assured; and received at the company's office in Chicago; that the amount of sound value and of damage to the property, or any part thereof, might be determined by mutual agreement between the company and assured, or, failing to agree, the same should then be submitted to competent and impartial arbitrators, to be selected as therein provided; that the award of said arbitrators should be binding and conclusive as to the amount of such loss or damage, but should not determine the validity of the contract, nor the liability of the defendant, nor any other question, except only the amount of such loss or damage; and that no suit or action against the defendant for the recovery of any claim by virtue of said policy should be sustainable until after an award should have been obtained, fixing the amount of such claim in the manner provided, which was thereby agreed to be a condition precedent.

The complaint alleges, in effect, that September 14, 1890, said property was damaged by an accidental fire, occurring without any negligence on the part of the plaintiff, in the sum of $825; that the plaintiff gave due notice, and duly performed all the conditions of said contract of insurance to be performed on his part; that the amount of said insurance became due and payable September 14, 1890. Judgment is demanded for the amount of such loss and interest from the date last named.

The defendant answered, and admitted the incorporation and organization of the defendant under the laws of New

York, and its right to do business in Wisconsin, the issuance of the policy as alleged, and the destruction of the property as alleged, but denied any knowledge or information sufficient to form a belief as to the amount of such damage or injury. The answer also alleges, in effect, that the plaintiff had failed and neglected to comply with the terms and provisions of said policy by failing and neglecting, within six days, to give the notice in writing required, and by failing and neglecting to render to the defendant a particular and satisfactory account of such loss, signed and sworn to by the plaintiff, thirty days thereafter, as required; by failing and neglecting to state whether there was any and what other insurance there was on the property; by failing and neglecting to state the actual cash value of the property; by failing and neglecting to produce and furnish to the defendant a certificate of a magistrate or notary public as required. It is also alleged that no notice, in writing or otherwise, and no proofs of loss, or said certificate, or information, or statement relative to said loss or conditions in said policy, was ever given to the defendant at any time, except that on or about December 11, 1890, the defendant received by mail, at its general office at Chicago, what purported to be proofs of loss and the certificate of a notary public relative thereto; that no arbitration had ever been had to determine the amount of such loss or damage; that no demand had ever been made by the plaintiff for any such arbitration; that no cause of action could accrue to the plaintiff under the policy until after the amount of loss or damage should be ascertained according to the method provided in the policy.

At the close of the trial the jury returned a special verdict to the effect that the plaintiff was the owner of the property insured during the times mentioned; that its value, in the aggregate, was $1,069.10; that the plaintiff gave notice of the loss by fire within the time required by the pol-

icy; that the plaintiff sent to the defendant by mail, at Brooklyn, N. Y., proofs of said loss, with a certificate of a magistrate annexed thereto, September 28, 1890; that the defendant received the proofs of loss mailed to it on that day; that the defendant never returned said proofs, nor objected to the same; that there was no arbitration ever had or any award by arbitrators ever made as to said loss or the amount thereof; that neither party ever requested that said loss, or the amount thereof, be submitted to arbitration; that the defendant never denied nor disputed the fact nor the amount of said loss as claimed by the plaintiff, nor ever communicated nor in any manner negotiated or conferred with the plaintiff in respect to said loss or the amount thereof; that the property insured was totally destroyed by said fire. Judgment was thereupon ordered to be entered upon said special verdict in favor of the plaintiff and against the defendant for $857.54. From that judgment the defendant appeals.

For the appellant there were briefs by *Bardeen, Mylrea & Marchetti*, and oral argument by *W. H. Mylrea*. They contended, *inter alia*, that the trial court should have directed a judgment for the defendant, for the reason that no arbitration was ever had or demanded by the plaintiff. Executory contracts agreeing that the damages shall be settled by arbitration before any suit shall be brought are valid. Greenhood, Pub. Pol. 470; *Hall v. Norwalk F. Ins. Co.* 57 Conn. 105. Such contracts are of two classes: (1) Where the agreement is held to be collateral, as in *Phœnix Ins. Co. v. Badger*, 53 Wis. 283; *Canfield v. Watertown F. Ins. Co.* 55 id. 420; and *Oakwood Retreat Asso. v. Rathborne*, 65 id. 182. (2) Where the agreement is held to be a condition precedent. This contract is of the latter class, it being expressly agreed that the award shall be a condition precedent. See *Scott v. Avery*, 5 H. L. Cas. 811; Greenhood, Pub. Pol. 471, note 1; *Bedell v. Kennedy*, 109

N. Y. 153; *Knoche v. C., M. & St. P. R. Co.* 34 Fed. Rep. 471; *Doyle v. Patterson,* 84 Va. 800; *Herrick v. Belknap's Est.* 27 Vt. 673; *D. & H. Canal Co. v. Pa. Co.* 50 N. Y. 250; *Hamilton v. L. & L. & G. Ins. Co.* 136 U. S. 242; *Morley v. L. & L. & G. Ins. Co.* 85 Mich. 210; *Perkins v. U. S. E. L. Co.* 16 Fed. Rep. 513; *Hutchinson v. L. & L. & G. Ins. Co.* 153 Mass. 143; *Lovejoy v. Hartford F. Ins. Co.* 11 Fed. Rep. 63; *Holmes v. Richet,* 56 Cal. 307; *Old Saucelito L. & D. D. Co. v. Comm. U. A. Co.* 66 id. 253; May, Ins. sec. 493; Wood, Ins. 757; *Liverpool & L. & G. Ins. Co. v. Creighton,* 51 Ga. 95; *U. S. v. Robeson,* 9 Pet. 319; *Pioneer Mfg. Co. v. Phœnix Ass. Co.* 106 N. C. 28.

For the respondent there was a brief by *Greene & Vroman,* and oral argument by *Geo. G. Greene.* They argued, among other things, that under provisions like those in this policy indemnity is not forfeited by delay in furnishing proofs. *Kenton Ins. Co. v. Downs,* 13 S. W. Rep. (Ky.), 882; *Tubbs v. Dwelling House Ins. Co.* 84 Mich. 646; *Columbia Ins. Co. v. Lawrence,* 10 Pet. 507; *Coventry Mut. L. S. Ins. Asso. v. Evans,* 102 Pa. St. 281; May, Ins. sec. 465; *Lafarge v. L. & L. & G. Ins. Co.* 17 L. Can. Jur. 237; *Weir v. Northern Counties of Eng. Ins. Co.* 4 L. R. Ir. App. 689; *Farmers' Ins. Co. v. Frick,* 2 Cin. L. Bul. 16; *Carpenter v. German Am. Ins. Co.* 52 Hun, 249; *Sun Mut. Ins. Co. v. Mattingly & R.* 77 Tex. 162; *McMaster v. Ins. Co. of N. A.* 55 N. Y. 222; *Niagara F. Ins. Co. v. Scammon,* 100 Ill. 644; 7 Am. & Eng. Ency. of Law, 1048; *Killips v. Putnam F. Ins. Co.* 28 Wis. 472. There was no forfeiture for failure to obtain an award. By the terms of the policy the condition precedent is an award on some " subject of difference," the parties " failing to agree." If no " subject of difference " or failure to agree exists before action is brought within other provisions of the policy, an award is not required and hence not a condition precedent. A thing which under the policy cannot occur, cannot *precede* the

action. *Phœnix Ins. Co. v. Badger*, 53 Wis. 283; *Bailey v. Ætna Ins. Co.* 77 id. 336; *Farnum v. Phœnix Ins. Co.* 83 Cal. 246; *Randall v. Phœnix Ins. Co.* 10 Mont. 362; *Rosenwald v. Phœnix Ins. Co.* 50 Hun, 172. This stipulation to arbitrate was revocable by either party in spite of the condition; and was revoked by the commencement of this action. *Comm. Union Ass. Co. v. Hocking*, 115 Pa. St. 407; *Mentz v. Armenia F. Ins. Co.* 79 id. 480; *Hostetter v. Pittsburgh*, 107 id. 419; *Gray v. Wilson*, 4 Watts, 41; R. S. secs. 3565–67; *Heath v. N. Y. G. Exchange*, 38 How. Pr. 168; *Bloomer v. Sherman*, 2 Edw. Ch. 452; *S. C.* 5 Paige, 575.

CASSODAY, J. The fire occurred September 14, 1890. The notice of loss appears to have been given within six days thereafter, as required by the policy. The learned counsel for the defendant contends that the evidence fails to sustain the finding of the jury to the effect that the plaintiff sent to the defendant by mail, at Brooklyn, N. Y., proofs of loss, with the certificate of a magistrate annexed, September 28, 1890, and that the defendant received the same. For the purposes of this appeal we shall assume that this contention is correct. The defendant admits in its answer that on or about December 11, 1890, it received by mail, at its office in Chicago, what purported to be proofs of loss and a certificate of a notary public relative thereto; but alleges that such proofs and certificate were not furnished at its Chicago office within the time and in accordance with the terms and conditions prescribed in the policy. The policy required the plaintiff to render particular verified proofs of loss within thirty days after such notice of loss,— that is to say, within thirty-six days after the fire; but the policy nowhere makes the failure to render such proofs within the time named operate as a forfeiture of the policy. To prevent such forfeitures, courts are bound to construe such contracts as strongly against the insurer, and as favor-

ably for the insured, as their terms will reasonably per-
mit. *Kircher v. Milwaukee M. M. Ins. Co.* 74 Wis. 473.
The most that the policy did do in the regard mentioned
was to provide that the loss should not be payable until
sixty days after such proofs had been received at the de-
fendant's Chicago office. The delay in furnishing the proofs
at that office until December 11, 1890, therefore, merely
operated to postpone the maturity of the claim until sixty
days thereafter. The suit was not commenced until March
11, 1891, and hence no objection can be maintained for
mere want of maturity.

But it is claimed that the proofs so conceded to have
been furnished were defective and insufficient. The proofs
and certificate so received at the defendant's Chicago office
were retained by it without any objection until the trial of
this action. This, upon well-settled principles of law, must
be regarded as a waiver of such defect or insufficiency, if
any existed. *Palmer v. St. Paul F. & M. Ins. Co.* 44 Wis.
209; *Cannon v. Home Ins. Co.* 53 Wis. 585; *Cayon v. Dwell-
ing House Ins. Co.* 68 Wis. 510.

Error is assigned because the court did not direct a ver-
dict in favor of the defendant, for the reason that no arbi-
tration was ever had as required by a provision of the
policy mentioned in the foregoing statement, nor any de-
mand therefor ever made by the plaintiff. Counsel lays
stress on the clause of the policy which made the loss paya-
ble sixty days after the proofs were received at the Chicago
office *and the loss had been ascertained by the arbitrators*
in accordance with the policy. The policy also provided
that "the amount of sound value and of damage  .  .  .
may be determined by mutual agreement between the com-
pany and the assured, *or, failing to agree,* the same shall
then be" determined by arbitrators as prescribed. Mani-
festly, there was no intention of requiring a submission to
arbitrators in case the parties agreed as to the amount of

such loss.   The presentation of proofs to the defendant, as indicated, was in effect a claim for the amount of loss therein specified.   It was somewhat in the nature of a stated account.   If the defendant deemed that amount too large or otherwise unsatisfactory, it could easily have made the same manifest, or requested, or at least suggested, an arbitration.   But the defendant silently acquiesced in the claim made for three months before the commencement of the action.   It then sought to use the arbitration clause, not to reduce the amount of the claim, but to defeat the policy altogether.   To allow the clause to have such an effect would be to use it as an instrument for alluring the unwary into a trap from which there could be no escape. Certainly, such a construction should not be given to the clause unless the language imperatively requires it.   But the arbitration was only provided for in case the parties failed to agree.   In case they disagreed, and the amount of loss was submitted to arbitrators, then the same was not to be payable until determined by their award, even though it should not be made until weeks, or even months, after the expiration of the sixty days; and the provision making such award a condition precedent to the commencement of a suit upon the policy presupposes such failure to agree and consequent arbitration.   This is but another application of the rule already mentioned, requiring a strict construction to prevent a forfeiture.   This court has frequently applied it to similar clauses in contracts for arbitration.   *Phœnix Ins. Co. v. Badger*, 53 Wis. 283; *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419; *Oakwood Retreat Asso. v. Rathborne*, 65 Wis. 177; *Bailey v. Ætna Ins. Co.* 77 Wis. 336.   See, also, *Farnum v. Phœnix Ins. Co.* 83 Cal. 246; *Randall v. Phœnix Ins. Co.* 10 Mont. 362.   This is certainly in harmony with the rulings of this court, whatever may be the adjudications in some other states.

*By the Court.* — The judgment of the circuit court is affirmed.