WINNER, Respondent, vs. KUEHN, Assignee, imp., Appellant.

*September 10 — November 16, 1897.*

*Attachment, ground for; affidavit for: Fraud of one partner: Pleading in abatement: Judgment against assignee: Costs on appeal.*

1. A plea in abatement of another action pending will not avail if the prior action has been discontinued before the trial of the second one, though it was pending when that was commenced.

2. In an affidavit for an attachment, an allegation in the disjunctive, that the defendants "had assigned, conveyed, disposed of or concealed, or are about to assign, convey, dispose of or conceal, their property, or some part thereof, with intent to defraud their creditors," is sufficient. *Klenk v. Schwalm,* 19 Wis. 111, followed.

3. It is good ground for an attachment against a firm that the managing partner has withdrawn partnership funds and used them to pay his own debts, with intent to defraud the firm creditors.

4. Where a firm against which an action had been commenced and an attachment levied afterward made an assignment for the benefit of creditors, and the assignee was permitted to come in and defend, *held,* that a judgment that the "plaintiff recover of the defendants" the amount claimed in the action was a personal judgment against the assignee for the entire debt, and was erroneous to that extent.

5. Where a judgment is reversed on appeal for an error which would have been corrected by the trial court had the matter been called to its attention, no costs will be allowed in the appellate court.

APPEAL from a judgment of the circuit court for Milwaukee county: CHAS. V. BARDEEN, Judge. *Affirmed in part; reversed in part.*

This is an appeal from an order sustaining a writ of attachment upon the traverse of the affidavit by the defendant *Kuehn,* as assignee of Detmer and Victor Fischbeck. The assignee also made answer in abatement, to the effect that there was another action pending for the same cause.

The facts were that in July, 1893, and for many years prior thereto, Detmer and Victor Fischbeck were copartners in a large harness and saddlery business in the city of Mil-

Winner vs. Kuehn.

waukee; Victor being the active partner and sole manager of the concern, Detmer, his father, having retired.  In July, 1893, the bank at which the firm did business closed its doors, thereby seriously embarrassing the firm.  The plaintiff, *Winner*, was a friend of the partners, and was their creditor at that time in the sum of about $12,000.  He also loaned them another $1,000 on the 22d day of July, and the Fischbecks gave him a demand note for the whole debt on the 25th of July, 1893, in the sum of $13,091.48; it being agreed at the time that *Winner* should commence suit at once on the note, and that no defense should be made thereto, and that, at the expiration of twenty days, judgment should be entered.  This action was begun on the 26th of July by Messrs. Sylvester & Scheiber, who were attorneys for the Fischbecks.  The business was continued, after the bringing of the action, by Victor Fischbeck, as managing partner, in the same manner as before.  Fischbeck seems to have formed the idea that it would be best to make a compromise with their creditors at a very low figure; and, if that was found to be impossible, his scheme was to have *Winner* sell the stock of goods upon execution, and buy them in at as low a figure as possible, and then form a partnership with Mrs. Fischbeck, who was also a creditor of the firm, to run the business.  *Winner* testifies that he did not consent to this plan.  Judgment was not entered upon *Winner's* note as soon as the twenty days were up; and he seems to have become distrustful, and, upon the 18th of August, consulted other attorneys, and commenced this suit by attachment, levying upon the entire stock of goods.  On the 21st of August following, he directed Sylvester & Scheiber to discontinue the action, which they refused to do until paid their bill for services.  On the 22d of August, the Fischbecks made a voluntary assignment to *Kuehn* for the benefit of their creditors.  In February, 1894, *Winner* paid Sylvester

& Scheiber's bill, and the first action was, in effect, discontinued. In May, 1894, the assignee was given leave, by order of the court, to defend this action as fully as the Fischbecks could have done, and thereafter the assignee served an answer, setting up the pendency of the former suit in abatement.

The court found upon the trial that Victor Fischbeck, at and just before the making of the affidavit of attachment, and while the firm was insolvent to his knowledge, withdrew partnership funds for his own private use, with intent to defraud the creditors of the firm, and upon this ground sustained the attachment. From the judgment, and from the order sustaining the attachment, the assignee appeals.

For the appellant there was a brief by *Sylvester, Scheiber, Riley & Orth* and *Haring & Frost,* and oral argument by *E. W. Frost, Fred Scheiber,* and *M. M. Riley.* They argued that the plea in abatement was good, though the prior suit had been discontinued before the trial. *Le Clerc v. Wood,* 2 Pin. 37; *Boland v. Benson,* 50 Wis. 225; *Curtis v. Piedmont L. & M. Co.* 109 N. C. 401. The affidavit for attachment was defective, because it set out two causes for attachment in the disjunctive. *Morrison v. Fake,* 1 Pin. 133; *Merrill v. Low,* id. 221; 3 Ency. of Pl. & Pr. 22; *Kegel v. Schrenkheisen,* 37 Mich. 174; *Guile v. McNanny,* 14 Minn. 520; *Stacy v. Strichton & Co.* 9 Iowa, 400. It is not a fraud for a partner to appropriate a reasonable sum for his personal expenses. *McKinney v. Rosenband,* 23 Fed. Rep. 785. The intent to defraud creditors, and especially the creditor complaining, was not proved. The act of one partner is not ground for an attachment of the property of the firm by a creditor thereof. *Evans v. Virgin,* 69 Wis. 153; *Jaffray v. Jennings,* 101 Mich. 515, and note in 25 L. R. A. 645; *Williams v. Muthersbaugh,* 29 Kan. 730.

For the respondent there was a brief by *Fiebing & Killi-*

*lea,* attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas,* of counsel, and oral orgument by *H. J. Killilea* and *J. G. Flanders.*

The following opinion was filed September 28, 1897:

WINSLOW, J.   The important questions in this case are five in number, viz.: First. Should the action have been dismissed on account of the pendency of the former action? Second. Was the affidavit of attachment fatally defective? Third. Should the attachment have been vacated on the merits? Fourth. Does the fraudulent disposition of property by one partner only, justify an attachment against the firm? And, fifth, can there be a personal judgment against the assignee?

1. The first action was practically discontinued in February, 1894, and the answer alleging its pendency was not made until three months later.   The rule is stated in many decided cases that a plea in abatement of another action pending must aver the pendency of such former action at the time of the plea, or it will be bad.   *Hawley v. C., B. & Q. R. Co.* 71 Iowa, 717; *Phelps v. W. & St. P. R. Co.* 37 Minn. 485; *Toland v. Tichenor,* 3 Rawle, 320.   If the fact must be pleaded in order to make a good plea, it must necessarily be proven in order to constitute a defense.   However, there are cases which state that the pendency of the former action at the time of the commencement of the second is sufficient to abate the second.   *Le Clerc v. Wood,* 2 Pin. 37; *Comm. v. Churchill,* 5 Mass. 175.   Such was, perhaps, the former strict rule; but it is not in accord with modern decisions, and it was departed from by this court in *Bates v. Chesebro,* 32 Wis. 594.   In the last-named case the strict common-law rule was stated, but it was distinctly repudiated, although in somewhat guarded terms and only as applied to the facts of that case.   We see no good reason for holding to a rule which is almost sure to sacrifice "substantial rights of parties to a mere technicality."   *Bates v. Chesebro,*

*supra.* The current of modern decisions is undoubtedly to the effect that, if the prior suit has been discontinued before the trial of the second action, the plea will not be available. *Averill v. Patterson*, 10 N. Y. 500; 1 Ency. of Pl. & Pr. 755, 756, note 3, and authorities there cited. The plea in abatement was properly overruled.

2. The affidavit of attachment charged that the defendants " had assigned, conveyed, disposed of, or concealed, or are about to assign, convey, dispose of, or conceal, their property or some part thereof, with intent to defraud their creditors." It is argued that this affidavit is insufficient, because in the disjunctive. This contention is completely met by reference to the case of *Klenk v. Schwalm*, 19 Wis. 111, which holds a similar affidavit to be sufficient.

3. We have examined the printed record carefully, and find ample evidence to sustain the finding of fact to the effect that Victor Fishbeck withdrew a considerable amount of the partnership funds from the firm, and used it in payment of his own debts, with intent to defraud the firm creditors. This certainly constitutes ground for attachment, within the decisions of this court. *Keith v. Armstrong*, 65 Wis. 225.

4. Victor Fischbeck was the active partner, doing all the business of the firm, with his partner's consent. Under such circumstances, there can be no doubt that the act of the active partner is, in legal effect, the act of both. *Keith v. Armstrong, supra.* Were it otherwise, there could be no remedy by attachment against such a firm, however fraudulent the acts of the managing partner might be. The case of *Evans v. Virgin*, 69 Wis. 148, is not applicable. In that case it was held that the act of one partner in fraudulently transferring some of his individual property without the participation of his copartners did not constitute ground for attachment against the firm. The decision is based upon both reason and authority, but it has no bearing on this case,

where the sole managing partner fraudulently disposed of firm property.

5. The judgment provides that the plaintiff " recover of the defendants $16,077.24" and costs. The assignee is a defendant; so there can be no question but that this judgment is a personal judgment for the entire debt against the assignee. This was doubtless an oversight, but it is none the less palpably erroneous. As to the assignee it must be reversed. This error would undoubtedly have been corrected without appeal had the matter been called to the attention of the trial court by motion; hence no costs will be allowed on the reversal.

*By the Court.*— So much of the judgment as adjudges recovery of the indebtedness and costs against the assignee personally is reversed, without costs, and in all other respects the judgment and the order sustaining the attachment are affirmed, with costs.

A motion for a rehearing was denied November 16, 1897.