QUAST and another, Respondents, vs. GUETZKOW, Appellant.

*October 5—October 24, 1916.*

*Building contracts: Arbitration: Condition precedent to action: Certificate of architect: Waiver: Estoppel.*

1. Where a building contract provides that any disagreement as to matters under it shall be adjusted by arbitration, but does not provide that arbitration shall precede an action on it, arbitration, if not requested, is not a condition precedent to the right to maintain such an action.
2. In such a case silence of the defendant on the subject of arbitration until after the commencement of the action, and failure to plead the matter in abatement or as a defense, was a waiver thereof.
3. Where no controversy arises as to matters within the scope of the arbitration clause in a contract, or where a controversy is settled by agreement of the parties, no reason exists for an arbitration.
4. Where the owner accepted, as being in accordance with a building contract, the work done thereunder, and promised to pay an agreed sum therefor as a complete settlement, and thereafter remained silent as to the architect's certificate provided for in the contract until after an action was brought against him for said agreed sum, he is precluded both by waiver and by estoppel from defeating the action on the ground that the certificate had not been procured.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action to foreclose a mechanic's lien.

The judgment was for $436.47, rendered February 10, 1916. Plaintiffs performed the work and furnished the material for which they claimed a lien, in part, under a written contract, and in part under a verbal request of the proprietor. The contract provided, among other things, that, in case of any disagreement relating to the plans or specifications for the building, the architect should pass upon the same and thereby bind the parties, and in case of any disagreement as to the value of extra work or deductions for unfinished work, or any other matters under the contract, it should be adjusted

by arbitration. It was further provided that the contract price should be paid, eighty-five per cent. as the work progressed, on the architect's written certificate of the facts, and the balance on a final architect's certificate of completion.

The complaint contained all allegations essential to a recovery, but did not set out the written contract or plead its provisions. Defendant admitted an indebtedness on plaintiffs' claim of $276.25 on the contract and $36.24 for extras, alleged that the contract was negligently performed in some particulars, and counterclaimed on that for damages, and for some material furnished. Neither breach of the condition as to arbitration, nor architect's certificates was specially claimed as a defense or referred to other than by making the written contract a part of the answer. As to whether performance of such conditions was requisite to a judicial remedy to recover, this was found by the court: May 20, 1915, defendant accepted the work as having been done in accordance with the written agreement and the requests for extras and promised to pay therefor the amount claimed in the complaint—$322.34. The work was done as required by the contract except as changed by defendant. No disputes or disagreements arose between the parties concerning the value of the extra work. No offer or request as to arbitration was made by defendant.

Upon such findings, and others requisite therefor, judgment was rendered as prayed for in the complaint.

For the appellant the cause was submitted on the brief of *Leon B. Lamfrom.*

For the respondents there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *Albert B. Houghton.*

MARSHALL, J. The findings of fact are sustained by the evidence. No question is raised on that score. Appellant's counsel submit for consideration these two propositions:

1. Was arbitration as to all matters in controversy under

the contract a condition precedent to the right of plaintiffs to maintain an action thereon?

2. Was the architect's certificate of completion of the building according to contract a condition precedent to plaintiffs' right to maintain the action?

It is a sufficient answer, in the negative, to the first proposition, that the contract did not provide that arbitration should precede an action upon it. Under such circumstances the rule is that arbitration is unnecessary, unless requested, and no request was made. *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419, 13 N. W. 252; *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112, 51 N. W. 1122; *Chapman v. Rockford Ins. Co.* 89 Wis. 572, 62 N. W. 422.

A further sufficient answer to counsel's first proposition is that silence on the subject of arbitration until after the commencement of the action, and failure to plead the matter in abatement, or as a defense, was a waiver thereof. *Vangindertaelen v. Phenix Ins. Co., supra.*

A further good answer is the fact that the parties settled between themselves the amount due upon the contract, so there was nothing to arbitrate. An arbitration clause in a contract does not have vitality unless there is a controversy as to some matters falling within the scope of it. In case such a controversy arises, but is settled by agreement of the parties, no reason exists for resorting to the contract method of adjusting it.

The second proposition must be answered in favor of respondents because the settlement between the parties was a most effectual waiver of the architect's certificate, as was also the failure to object, at any time, to payment without such certificate. The contract provided that, as to the final payment, as well as the others, the plaintiffs should obtain a certificate of the architect to the effect that he considered such payment properly due. Appellant might have insisted upon that; but when he, in the absence of the certificate, accepted

the work as having been done in accordance with the contract and agreements as to extras, and promised to pay an agreed sum as a complete settlement, he certainly could not remain silent as to the certificate until the action was brought and then defeat respondents, because no certificate was obtained. Such a provision of a building contract as that in discussion may be waived by conduct suggesting that it will not be insisted upon, relied upon by the contractor, so that a change of position by the proprietor, if allowed to be effective, would operate injuriously to the opposite party.

Under the circumstances disclosed here, appellant is precluded by estoppel as well as waiver from prevailing upon the ground of the architect's certificate not having been procured. Failure to pay was not based on the absence of such certificate, and want of it was not pleaded as a defense. The logic of *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136, applies.

*By the Court.*—The judgment is affirmed.