POEHLING, Respondent, v. LA CROSSE PLUMBING SUPPLY COMPANY, Appellant.

*April 29—June 2, 1964.*

For the appellant there was a brief by *Steele, Smyth, Klos & Flynn* of La Crosse, and oral argument by *Robert D. Smyth*.

For the respondent there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *T. H. Skemp*.

HALLOWS, J. The gist of the defendant's argument is the abatement suspended the suit for all other purposes and a motion for summary judgment could not be granted. In *Truesdill v. Roach* (1960), 11 Wis. (2d) 492, 105 N. W. (2d) 871, we stated if a plea in abatement is true when interposed it either defeats the pending suit or suspends the suit in which it is interposed except when such plea is made on the ground there is another action pending and such action is dismissed prior to the hearing on the plea. *Winner v. Kuehn* (1897), 97 Wis. 394, 72 N. W. 227. However, until the plea is determined to be true it has no such effect, and the questions presented were whether there was an action pending and if so, whether the action was based for the same cause of action.

The plea in abatement was served on March 21, 1962, and apparently was not filed until October 23, 1962. In the meantime the defendant had admitted service on a notice of trial calling for a question of fact for the court. In April, 1962, plaintiff served its motion for summary judgment and to strike the defendant's answer. At that time the only matter which could constitute an answer was the plea in abatement. In support of the motion for summary judgment an affidavit stated the defendant's answer by way of abatement was filed for dilatory purposes and referred to an action in the small claims court for La Crosse county. It was also stated in the affidavit the small claims court had limited jurisdiction not exceeding $1,000 and the plaintiff's prayer for relief in the present suit was in excess of $1,000, implying the two causes of action were essentially different because for different amounts. As a second ground it is stated the action in the small claims court was dismissed on February 12, 1962, and the present action was not commenced until the following day.

At the hearing on the motion no proof was offered in support of the plea in abatement. However, it was stipulated the court should take judicial notice of the record in small claims court. This record shows an action was commenced between the plaintiff and the defendant by the mailing of a summons on December 28, 1961; the record does not show the nature of the action or the amount claimed. It shows an appearance by the defendant but none for the plaintiff on the return date. There appears a notation that on February 12, 1962, plaintiff's counsel called to have the case dismissed without prejudice and there is a dismissal noted under that date. This, however, is crossed out and a notation made under date of March 7th to the effect defendant's counsel said no notice of dismissal was given to him. There is also a notation over the signature of the judge dated December 24, 1962, dismissing the case upon the agreement of the parties.

On this record the plaintiff claims there was no action pending at the time of the commencement of this suit and the defendant claims the record is clear that at the time of the making of the plea in abatement an action was pending in the small claims court. The defendant's argument is based on the premise the plaintiff was not entitled to a dismissal in the small claims court. Whether the action was validly dismissed on February 12, 1962, or validly revived on March 7th by deleting the entry of dismissal is not decisive. Assuming an action was pending in the small claims court between the plaintiff and the defendant at the time of the hearing on the motion and plea, the record does not show the action involved the same cause of action. No complaint was served in the small claims court. Whatever the fact may be, it does not appear of record so as to constitute evidence nor are the facts strong enough to sustain an inference in support of the plea in abatement. The trial court held the defendant did not prove its plea. We can find no error in that holding. Contrary to the contention of the defendant in

its brief, it was under an obligation to produce evidence at the hearing, which called forth the plea, and to establish the plea in abatement by competent evidence.

The plea in abatement having failed for lack of proof, the question then arises whether the trial court could proceed to decide the motion for summary judgment. Should the trial court have allowed the defendant to plead over and to answer the motion for summary judgment which had been pending some seven months?

A plea in abatement is a common-law plea, the subject matter of which is now required to be pleaded either by demurrer or by answer. So far as the record shows the alleged pendency of the same cause of action in the small claims court should have been raised by answer. The only pleading on part of the defendant is a demurrer or answer, sec. 263.05, Stats., and any new matter constituting a defense must be so pleaded or it is waived, secs. 263.12 and 263.13. We consider the defendant waived whatever defense it had in not complying with these sections.

True, the defendant attempted to serve an answer after oral argument. This was long after the time for answer expired and no application so far as the record shows was made to the court for permission. The court denied service of the answer and ordered it stricken. No contention by the defendant was made this was error excepting that it has a right to try its defense in steps, first by a demurrer, then a plea in abatement, and finally an answer on the merits. However, all the defenses must be pleaded in the answer and not seriatim. Some separate defenses may be brought on for hearing separately, but the right to plead separate defenses consecutively in point of time as the prior ones are disposed of does not exist under our practice.

The defendant complains summary judgment should not have been granted as it was a substitute for a trial and there are substantial issues of fact to be tried. This argument can

only be true if defendant is now allowed to put in an answer on the merits. On the state of the record the trial court was correct in determining there were no issues of fact to be tried. If the defendant had put in a defense to the merits in the answer, combining it with the subject matter of its plea in abatement, it would have been in a position to defend against the motion for summary judgment. Since no issue of fact was created on the motion for summary judgment, we find no error on the part of the trial court in granting the motion.

The defendant finally urges a reversal in the interest of justice. In support of this argument the defendant argues it is now ready to try the case on the merits and the previous demurrer and plea in abatement were necessary if the defendant was to be sued properly. However true this may be, the defendant did not proceed to defend the summary judgment motion or to take it seriously in view of its pending plea in abatement which the defendant did not proceed to bring on for hearing promptly. Under the circumstances, we do not think the doctrine of discretionary reversal in the interest of justice is applicable.

*By the Court.*—Judgment affirmed.

WILKIE, J., dissents.