J.J. ANDREWS, INC., Plaintiff-Respondent,

v.

Richard MIDLAND and Rita Midland, Defendants-Appellants,†

BANK ONE-WAUKESHA, Defendant.

Court of Appeals

*No. 90-2158. Submitted on briefs June 11, 1991.—Decided August 7, 1991.*

(Also reported in 474 N.W.2d 756.)

†Petition to review denied.

217

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John Staks* of *Staks & Diel, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kimberly A. Kunz* of *Michael, Best & Friedrich* of Milwaukee.

Before Brown, Scott and Anderson, JJ.

ANDERSON, J. Richard and Rita Midland appeal from a judgment affirming an arbitrator's award. There are three issues on appeal. First, whether J.J. Andrews, Inc. (Andrews) waived arbitration when it

commenced this lawsuit without requesting arbitration, undertook discovery and then moved to stay judicial action to permit arbitration, pursuant to sec. 788.02, Stats. Second, whether the trial court erred in not conducting a hearing, pursuant to sec. 788.03, Stats., to examine the validity of the contract containing the arbitration clause despite the Midlands' counterclaim of fraud and misrepresentation. Third, whether the Midlands' appeal is frivolous. Because we conclude that Andrews did not waive the arbitration clause and the trial court properly ordered arbitration without a hearing on the validity of the contract, we affirm. We also conclude that the Midlands' appeal is not frivolous.

The underlying dispute arises from the construction of the Midlands' home by Andrews. Construction began in the fall of 1988 and continued to March 1989. In March, the parties signed a construction contract which contained an arbitration clause.[1] In April 1989, the Midlands requested that Andrews stop working on the project.

Andrews filed a construction lien for the unpaid work. Andrews then filed an action to foreclose the lien, to recover damages for breach of contract and *quantum meruit.* Andrews did not request arbitration before the commencement of the lawsuit. The Midlands answered

---

[1]The arbitration clause reads in part:

Should any dispute arise, relative to the performance of this agreement (other than performance under the warranty given by the builder under section 26) by either party or with relation to any charges for extras, the parties agree that such dispute shall be settled by arbitration. . . . The decision of the arbitrators shall be final and binding with respect to all such matters as submitted to arbitration and shall be enforced in accordance with the provisions of the Wisconsin Arbitration Act. . . . The filing of a lien claim shall not be considered an election by the Builder to waive its rights under this provision.

the complaint and counterclaimed, but at no time sought arbitration.

The parties proceeded with discovery. Andrews deposed the Midlands, their new contractor and its expeditor, and the architect. The Midlands deposed Andrews' architect. Andrews then moved for a stay of judicial action to permit arbitration.

The Midlands objected to the motion to stay on the grounds that Andrews waived its rights to arbitration. The Midlands also argued that a hearing should be held to determine whether the underlying contract was valid. The Midlands asserted prejudice because of their lack of complete discovery and because Andrews had access to information that would be prejudicial. Andrews stipulated that further depositions by the Midlands could be taken.

Judge Harold J. Wollenzien refused to conduct a hearing on the validity of the contract and concluded that both parties were bound by the contract and that neither had waived arbitration. He ordered a stay to permit arbitration. The arbitrator's determination was in Andrews' favor. The Midlands filed a motion to vacate, modify or require a rehearing on the arbitration award. In the motion, they asserted the same claims as those before Judge Wollenzien and those on appeal. Judge Harry G. Snyder ruled that the decision of Judge Wollenzien was res judicata and ordered judgment on the arbitrator's award. The Midlands have not sought a dismissal based on the claim that Andrews waived arbitration.

The issues on appeal involve the application of secs. 788.02 and 788.03, Stats., to undisputed facts. That presents a question of law which we review without deference to the trial court. *Park Bank-West v. Mueller,*

151 Wis. 2d 476, 482, 444 N.W.2d 754, 757 (Ct. App. 1989).

■

The first issue is whether Andrews waived the arbitration clause. The Midlands argue that Andrews waived arbitration when it commenced this lawsuit without requesting arbitration. Section 788.02, Stats., reads:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Section 788.02, Stats., does not require that a request for arbitration be made before a suit is commenced. The section applies when a lawsuit already has been commenced. Therefore, commencing a lawsuit cannot be considered a waiver of the arbitration clause.[2] The Midlands do not cite to any authority, nor are we able to find any authority, that requires a plaintiff to reserve arbitration in the pleadings before the plaintiff may utilize sec. 788.02.

Contrary to the Midlands' assertion, there are no Wisconsin cases which hold that a plaintiff waives arbitration by filing a lawsuit. In *State ex rel. Carl v. Charles,* 71 Wis. 2d 85, 90–91, 237 N.W.2d 29, 31–32

---

[2]The Midlands request that we follow cases from other jurisdictions addressing their argument. We do not rely on case law in other jurisdictions when Wisconsin statutes and case law sufficiently address the issues before us.

(1976), the plaintiff claimed that the defendant refused to arbitrate and commenced a lawsuit *instead* of proceeding under sec. 788.03, Stats. The defendant denied that it failed to arbitrate and requested a dismissal on the merits *instead* of proceeding under sec. 788.02, Stats. In *Charles,* both parties waived arbitration because neither party followed the statutory procedures that were designed to remedy their grievances about the other party's actions. *Id.* at 91, 237 N.W.2d at 32.

*Charles* does not stand for the proposition that commencing a lawsuit waives arbitration. Rather, *Charles* stands for the proposition that if a plaintiff commences a lawsuit alleging that the defendant failed to arbitrate, and never followed the procedure in sec. 788.03, Stats., the plaintiff has not complied with ch. 788, Stats., and waives the right to arbitration. In this case, Andrews did not commence a lawsuit alleging that the Midlands failed to arbitrate. Andrews utilized sec. 788.02, Stats., to stay the proceedings. Therefore, *Charles* is not controlling.[3]

---

[3]The Midlands also cite to *Quast v. Guetzkow,* 164 Wis. 197, 159 N.W. 810 (1916). In *Quast,* the court, in referring to the *defendant,* stated that silence on the subject of arbitration until after the commencement of the lawsuit, and failure to plead the matter in abatement, or as a defense, waives arbitration. *Id.* at 199, 159 N.W. at 811. Pleas in abatement were used to "suspend the suit" and did not resolve the suit on the merits. *Binsfeld v. Home Mut. Ins. Co.,* 245 Wis. 552, 555-56, 15 N.W.2d 828, 829 (1944). Pleas in abatement are no longer used. See *Poehling v. La Crosse Plumbing Supply Co.,* 24 Wis. 2d 239, 243, 128 N.W.2d 419, 421 (1964). *Quast* stands for the proposition that the *defendant* waives the rights to arbitration when it does not stay the proceeding for arbitration or does not assert the failure to arbitrate as a defense. If the defendant waives arbitration, the defendant cannot claim that the action should be dismissed because the plaintiff waived arbitration. *See id.,* 164 Wis. at 198-99, 159

There are circumstances where a party may be deemed to have waived arbitration. The Wisconsin Supreme Court stated the general rule on waiver of arbitration in *City of Madison v. Frank Lloyd Wright Foundation,* 20 Wis. 2d 361, 387, 122 N.W.2d 409, 423 (1963):

> [A]ny conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct which might be reasonably construed as showing that they did not intend to avail themselves of such provision, may amount to a waiver thereof and estop the party charged with such conduct from claiming its benefits. [Emphasis omitted.]

The Midlands argue that because Andrews' pleadings did not request arbitration and Andrews undertook discovery, its conduct was inconsistent with arbitration within the meaning of *City of Madison.* However, sec. 788.02, Stats., unambiguously states that the trial court shall stay the *trial of the action* until arbitration has been had according to the contract. Because sec. 788.02 allows motions to stay up to the trial, conducting discovery does not preclude a 788.02 motion.

The statute is consistent with the policy underlying arbitration. Wisconsin has a policy to encourage arbitration as an alternative to litigation. *In re Kemp,* 89 Wis. 2d 94, 100, 277 N.W.2d 859, 862 (1979). The purpose of arbitration is to obtain a speedy, inexpensive and final

---

N.W. at 811. *See also Vangindertaelen v. Phoenix Ins. Co.,* 82 Wis. 112, 119, 51 N.W. 1122, 1124 (1892). The issue before us is whether the *plaintiff* waived arbitration. The Midlands are not requesting that the action be dismissed. Therefore, *Quast* does not control.

resolution of disputes, and thereby avoid the expense and delay of a protracted court battle. *Diversified Management Servs., Inc. v. Slotten,* 119 Wis. 2d 441, 449, 351 N.W.2d 176, 180–81 (Ct. App. 1984). Matters undertaken before trial, including discovery, do not involve the same degree of time and expenses that is required by a trial. Up to the point of trial, arbitration remains a viable alternative to litigation. However, at the point of trial, where a decision on a substantive issue is made, the goals of arbitration no longer prevail. Thus, we conclude that conduct which results in discovery does not waive arbitration.

The second issue is whether the trial court erred in not conducting a trial pursuant to sec. 788.03, Stats., on the validity of the contract containing the arbitration clause.[4] The Midlands argue that they placed in issue the validity of the contract by alleging fraud and misrepresentation in their answer and counterclaim and the trial court erred in not conducting a trial on that issue.

■

We conclude sec. 788.03, Stats., does not apply to this case. Sections 788.02 and 788.03, Stats., address two different circumstances. Section 788.02 allows one of the parties to *move to stay a pending* trial to permit arbitration. Conversely, sec. 788.03 allows a party *aggrieved* by

---

[4]The relevant portion of sec. 788.03, Stats., reads:

The party aggrieved by the alleged failure, neglect or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties or of the property for an order directing that such arbitration proceed as provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement . . . is in issue, the court shall proceed summarily to the trial thereof.

an alleged failure, neglect or refusal of another to perform arbitration to *petition* any court for an order to arbitrate. Section 788.03 addresses the circumstance where a lawsuit has not been commenced. In this case, Andrews commenced a lawsuit and then subsequently moved to stay the proceedings for arbitration. Thus, the applicable procedure is under sec. 788.02.

Section 788.02, Stats., does not provide for a hearing on the validity of the contract, but only requires that the trial court determine if the issue involved in the suit is referable to arbitration. Because the proceeding was under sec. 788.02, the trial court did not err in refusing to conduct a hearing pursuant to sec. 788.03, Stats., on the validity of the contract.

The Midlands have not sought a dismissal on the basis that Andrews waived arbitration. They seek to avoid the arbitration clause of the construction contract. An agreement to settle by arbitration a controversy arising out of the contract shall be valid, irrevocable and enforceable unless grounds exist for the revocation of the contract. Section 788.01, Stats. The parties do not dispute that the underlying issue is subject to arbitration. The Midlands claim that the contract should be revoked on the grounds of fraud and misrepresentation and made this claim in their answer and counterclaim. However, the Midlands failed to bring a motion with supporting papers before the trial court to resolve their claim. *See* sec. 802.01(2)(a) and (b), Stats. Therefore, the trial court did not err when it did not reach the fraud issue.

Andrews requests that we find the Midlands' appeal frivolous under sec. 809.25(3), Stats. We decide as a matter of law whether an appeal is frivolous. *See Vierck v. Richardson*, 119 Wis. 2d 394, 399, 351 N.W.2d 169, 172

(Ct. App. 1984). We do not find this appeal frivolous. The test is whether the party or party's attorney knew or should have known that the appeal was without any basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Section 809.25(3)(c)2.

There are no cases addressing the Midlands' argument on appeal. The Midlands made a defensible argument that a motion under sec. 788.02, Stats., after discovery was complete, was conduct inconsistent with arbitration or was conduct manifesting an intent not to invoke arbitration. Therefore, we do not find the appeal frivolous.[5]

*By the Court.*—Judgment affirmed.

---

[5] Andrews requests that this court reverse its earlier ruling which allowed the Midlands to file their brief late. We decline to do so. Andrews also requests costs under Rule 809.83(2), Stats., for the Midlands' failure to comply with the rules of appellate procedure. Such an imposition is within this court's discretion. *See id.* We decline to impose costs.