Suzanne M. MEYER and Michael Meyer, Plaintiffs-Respondents,

v.

CLASSIFIED INSURANCE CORPORATION OF WISCONSIN, Defendant-Appellant,†

Raymond W. LANGHOFF and Economy Fire & Casualty Company, Defendants.

Court of Appeals

*No. 92–2796. Oral argument July 27, 1993.—Decided September 22, 1993.*

(Also reported in 507 N.W.2d 149.)

†Petition to review denied.

On behalf of the defendant-appellant, there were briefs and oral argument by *James P. Brennan* of *Brennan & Collins* of Milwaukee.

On behalf of the plaintiffs-respondents, there was a brief by *Timothy J. Aiken* and *Kelly L. Centofanti* of *Aiken & Scoptur, S.C.* of Milwaukee. There was oral argument by *Timothy J. Aiken*.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J.   Classified Insurance Corporation of Wisconsin appeals from a judgment entered against it pursuant to coverage provided by an underinsured motorist endorsement issued to Suzanne M. and Michael Meyer. The issues on appeal are: (1) whether Classified had an absolute right under sec. 788.02, Stats., to a stay of judicial proceedings in order to arbitrate the Meyers' underinsured motorist claim, and (2) whether the trial court erred in deciding that Classified waived its contractual and statutory right to arbitration by requesting arbitration one week before the scheduled trial and twenty days after the trial court's deadline for motions pursuant to its scheduling order. Because we conclude that the statutory right to arbitrate a claim is not absolute and may be waived, and that Classified waived its right to arbitration, we affirm.

Suzanne and her husband Michael commenced a lawsuit against Raymond W. Langhoff and his insurer, Economy Fire & Casualty Company, to recover damages for injuries Suzanne received from a collision between the Meyers' vehicle and Langhoff's vehicle on October 28, 1987. In addition, the Meyers joined their own insurer, Classified, making a claim under the underinsured motorist endorsement of their automobile insurance policy. Classified's underinsured motorist endorsement contained an arbitration clause providing that if either party disputed the insured's right to recover damages or the amount of damages, either party could demand arbitration to determine the disputed issues.

From the outset, Langhoff denied negligence and Classified contested coverage, liability and damages. The trial court entered a scheduling order on July 10, 1991 requiring that all motions be filed and heard by

May 1, 1992 and setting a jury trial date for May 27, 1992. On May 15, 1992, Classified was advised that Langhoff and Economy had settled with the Meyers by Economy paying them the $100,000 policy limits available under its policy in exchange for a full release. Immediately upon learning of this settlement, Classified wrote a letter to the trial court asserting its right to arbitration under the arbitration clause of the underinsured motorist endorsement. Prior to this, Classified made no such request.

On May 19, 1992, the Meyers' counsel wrote to the trial court and objected to Classified's demand for arbitration on a timeliness basis and requested that the matter continue to jury trial consistent with the scheduling order. Classified then filed a motion to obtain a stay of all proceedings pursuant to sec. 788.02, Stats., so that it could arbitrate the Meyers' underinsured motorist claims.

The trial court denied Classified's motion for a stay and referral to arbitration on the basis that Classified waived its right to arbitrate the matter. The action was subsequently tried to a jury, which returned a verdict in favor of the Meyers and in excess of Economy's $100,000 policy limits, thereby exposing Classified's coverage under the underinsured motorist endorsement. Classified then moved to set aside the verdict of the jury and submit the issues of coverage, liability and damages to an arbitration panel based upon the arbitration clause, sec. 788.02, Stats., and certain language contained in *Vogt v. Schroeder*, 129 Wis. 2d 3, 29-30, 383 N.W.2d 876, 887 (1986) (Steinmetz, J., concurring). The trial court again denied the motion. Classified appeals.

The first issue is whether Classified had an absolute right under sec. 788.02, Stats., to arbitration and a stay of the judicial proceedings. The application of sec. 788.02 to undisputed facts involves a question of law which we review without deference to the trial court. *Park Bank-West v. Mueller,* 151 Wis. 2d 476, 482, 444 N.W.2d 754, 757 (Ct. App. 1989). Classified argues that "[i]t appears under the statute and the case law that Judge Becker did not have any discretion to deny Classified's request for an order to stay proceedings and request arbitration." We disagree.

Wisconsin courts have recognized that there are circumstances where a party may be deemed to have waived arbitration. *J.J. Andrews, Inc. v. Midland,* 164 Wis. 2d 215, 223, 474 N.W.2d 756, 759 (Ct. App. 1991). The general rule on waiver of arbitration was set forth by the supreme court in *City of Madison v. Frank Lloyd Wright Found.,* 20 Wis. 2d 361, 387, 122 N.W.2d 409, 423 (1963), as follows:

> [A]ny conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct which might be reasonably construed as showing that they did not intend to avail themselves of such provision, may amount to a waiver thereof and estop the party charged with such conduct from claiming its benefits. [Emphasis omitted.]

Therefore, since arbitration may be waived based upon conduct, Classified's assertion that it has an absolute right to arbitration is erroneous.

The express language of sec. 788.02, Stats., also indicates that the right to arbitration is not absolute:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration.* [Emphasis added.]

Whether an applicant for a stay is in default requires a judicial determination that necessarily qualifies the mandatory "shall" language urged by Classified. Therefore, we conclude that under sec. 788.02 and the relevant case law, an applicant does not have an absolute right to a stay of judicial proceedings and referral to arbitration.

Classified also looks to the language of its contract in asserting its right to arbitration. The underinsured motorist coverage endorsement states in part:

> ARBITRATION
>
> If an **insured person** and **we** do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an **underinsured motor vehicle**, or (2) as to the amount of payment under this Part, either that person or **we** may demand that the issue be determined by arbitration.

The construction of a written contract is normally a matter of law for the court. *Levy v. Levy,* 130 Wis. 2d 523, 528, 388 N.W.2d 170, 172 (1986). The arbitration clause does not require arbitration but allows that either the insured or Classified "*may* demand that the issue be determined by arbitration." Arbitration is not mandatory according to the endorsement language. Even if we equated "demand that the issue be determined by arbitration" with the absolute right to arbitration, such an interpretation would be contrary to the waiver analysis deemed appropriate by the supreme court in *City of Madison* when considering requests for arbitration under ch. 788, Stats. Since Classified's contract is subject to Wisconsin law and does not specifically negate the provisions and application of ch. 788, the waiver analysis applicable to Wisconsin's arbitration law applies. *See City of Madison,* 20 Wis. 2d at 383-84, 122 N.W.2d at 421.

Classified argues that this case is controlled by our holding in *J.J. Andrews.* We disagree. In *J.J. Andrews,* the trial court granted a motion by the plaintiff to stay the pending legal action and refer the issue to arbitration after some discovery had occurred. *J.J. Andrews,* 164 Wis. 2d at 220, 474 N.W.2d at 758. In doing so, the trial court applied sec. 788.02, Stats., consistent with Wisconsin's policy to encourage arbitration as an alternative to litigation with the goal of obtaining a speedy, inexpensive and final resolution of disputes. The facts of the present case are not analogous. Unlike *J.J. Andrews,* Classified demanded arbitration after discovery was completed and one week before the trial date.

In addition, *J.J. Andrews* acknowledged the rule on waiver of arbitration set forth in *City of Madison*

and held that conduct which results in discovery does not waive arbitration. *J.J. Andrews,* 164 Wis. 2d at 223-24, 474 N.W.2d at 759-60. However, that holding does not preclude a trial court from looking at other or additional conduct that might support a finding of waiver of arbitration.

Classified reads the *J.J. Andrews* language, that "[u]p to the point of trial, arbitration remains a viable alternative to litigation," *id.* at 224, 474 N.W.2d at 759, to mean that the right to arbitration is absolute until the start of the trial itself. We disagree with that reading and interpret the *J.J. Andrews* language to hold that a stay of trial and referral to arbitration can be requested until the start of the trial but need not be granted if waived by the earlier conduct of the applicant.[1] Classified's reading would eliminate the rule on waiver of arbitration promulgated by the supreme court in *City of Madison.* The *J.J. Andrews* court would not write language overruling a supreme court decision. *See Hillman v. Columbia County,* 164 Wis. 2d 376, 396, 474 N.W.2d 913, 920 (Ct. App. 1991). We see no inconsistency with the language in *J.J. Andrews* and the examining of Classified's arbitration request by the trial court for waiver by conduct.

■

Accordingly, we conclude that Classified did not have an absolute right to arbitration under sec. 788.02, Stats., or the language of its policy. The demand for arbitration is subject to a trial court's review and analysis of conduct amounting to waiver.

---

[1] We read the "waiver by conduct" rule and the sec. 788.02, Stats., "default in proceeding" language as being synonymous.

Having decided that the right to arbitration under sec. 788.02, Stats., may be waived, we must next consider whether the trial court erred in deciding that Classified waived its right to arbitration. The trial court granted Classified's request to be heard on the motion for stay and referral to arbitration and concluded that Classified had waived its right to arbitration through its conduct.

Whether conduct amounts to a waiver of the right to arbitrate is a mixed question of fact and law. We must separate the factual determinations from the conclusions of law and apply the appropriate standard of review to each. *See DOR v. Exxon Corp.,* 90 Wis. 2d 700, 713, 281 N.W.2d 94, 101 (1979), *aff'd,* 447 U.S. 207 (1980). Findings of fact by a trial court shall not be set aside unless clearly erroneous. Section 805.17(2), Stats. However, the application of the facts to a legal standard, such as waiver, is a question of law that we review independently of the trial court. *See State v. Jefferson,* 163 Wis. 2d 332, 338, 471 N.W.2d 274, 277 (Ct. App. 1991).

Classified contends that the trial court erred as a matter of law in denying its request for arbitration on the basis of waiver. We have disposed of this contention. The Meyers argue that Classified's failure to file a sec. 802.10, Stats., motion to amend the scheduling order or to stay and refer to arbitration prior to the May 1, 1992 deadline results in the waiver of any right to arbitration. They contend that sec. 802.10, governing the court's calendar practice, has priority over sec. 788.02, Stats., in determining the waiver issue.

We do not agree with the Meyers that waiver of arbitration can be determined on a single incident of conduct, such as the failure to comply with a scheduling order. Rather, the determination of waiver must include an overall evaluation of the applicant's involvement and conduct up to the time of request. Wisconsin's policy is to encourage arbitration as an alternative to litigation. *In re Kemp*, 89 Wis. 2d 94, 100, 277 N.W.2d 859, 862 (1979). The failure to follow scheduling order time requirements may be a significant factor in determining whether a request for arbitration should be granted, or denied as untimely or designed to delay disposition of the case. It should not, however, be the only factor in determining waiver conduct.

Despite the fact that the deadline for motions had passed, the trial court considered Classified's sec. 788.02, Stats., motion to stay the proceedings for arbitration and made the following findings: (1) the scheduling order clearly provided that May 1, 1992 was the deadline for hearing motions, other than motions *in limine*, and that Classified's motion did not constitute a motion *in limine*;[2] (2) this motion was not filed within the time mandated by the scheduling order; (3) the case had been pending a long time; (4) the case was advanced to the May 27 number one jury trial case on January 16; and (5) there was nothing in Classified's answer requesting arbitration. From these facts the trial court concluded:

> [W]e are one week from before trial when this comes up. These people have waited for their date in court

---

[2] The trial court did ponder that a motion to "don't have a trial" may be the ultimate motion *in limine*.

for a substantial period of time. And I am quite certain that under no circumstances would you be able to get arbitration in place by a week from today or tomorrow. . . .

. . . .

I am going to rule that the defendant, Classified Insurance Corporation, by waiting until one week before the trial date, has waived its right to claim arbitration. It can be done, and I think under these circumstances, considering the Scheduling Order and the timing, that they have done so. And I am going to deny the motion to refer this to arbitration and leave the case on the trial calendar.

The trial court's findings of fact are undisputed and are not clearly erroneous. The trial court harmonized sec. 802.10, Stats., with the waiver analysis applicable to sec. 788.02, Stats., by considering Classified's failure to follow the scheduling order time requirements as a significant factor in determining conduct supporting waiver, but not the only factor. In determining that Classified waived arbitration based upon its overall conduct during the pendency of the lawsuit, the trial court properly considered the merits of referring the matter to arbitration versus proceeding with the trial and the prejudice to the Meyers resulting from further delay. We agree that the conduct identified by the trial court amounted to waiver of Classified's arbitration right.

Classified also argues that it could not request arbitration until Langhoff settled with the Meyers because prior to settlement it had no way to determine Langhoff's liability, what Langhoff would be required to pay, or to even know if underinsurance would result.

398

The trial court dismissed that contention on the basis that an arbitrator could have heard the facts and determined liability and damages subject to the later establishment of Langhoff's tort responsibility. We agree. The applicable waiver conduct to be scrutinized is that of the contract party requesting arbitration and not the conduct or trial decisions of a noncontractual, third-party tortfeasor.

■■■

In sum, we hold that absent conduct constituting default or waiver, a party has a right under sec. 788.02, Stats., to a stay of proceedings and referral to arbitration after the commencement of the case. Here, the overall conduct of Classified was sufficient to constitute waiver. When parties are fully prepared for trial and the trial is scheduled to begin in a matter of days, arbitration may lose its value as an alternative to litigation. Conduct which allows an action to proceed to a point where the purpose of arbitration—to obtain a speedy, inexpensive and final resolution of disputes—is frustrated is conduct that estops a party from claiming a right to a stay of the proceedings and referral for contractual arbitration.

*By the Court.*—Judgment affirmed.