## COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 8, 2021

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP556**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020SC723**

**IN COURT OF APPEALS**
**DISTRICT II**

VELOCITY INVESTMENTS, LLC,

    PLAINTIFF-RESPONDENT,

  V.

MARK ZIEGLER,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Manitowoc County: JERILYN M. DIETZ, Judge. *Affirmed*.

¶1 GUNDRUM, P.J.[1] Mark Ziegler appeals pro se from a judgment of the circuit court entered in Velocity Investments, LLC's favor. He claims the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

court erred by: (1) denying him a de novo hearing following a hearing before and a ruling by a court commissioner and (2) "refusing to enforce the arbitration clause contained in [a] Promissory note." For the following reasons, we affirm.

¶2 Ziegler's brief-in-chief fails to inform us of the basis for Velocity's lawsuit or identify the specific language of the "promissory note" he claims the circuit court failed to "enforce." Nonetheless, we divine the following from the record.

¶3 Velocity's complaint alleges that by "failing to pay as agreed" Ziegler defaulted on a promissory note he had entered into on January 19, 2017. The note, originally entered into with "WebBank,"[2] was subsequently sold and assigned to Velocity, "the lawful holder and owner of the [n]ote."

¶4 Following a hearing before a court commissioner, the commissioner entered a judgment in Velocity's favor. Ziegler sought a de novo hearing in the circuit court and subsequently filed a motion to compel private arbitration and to dismiss or stay the proceedings. The court denied the motion and proceeded with the hearing as scheduled. Velocity called one witness and admitted several exhibits through that witness.

¶5 In his brief-in-chief, Ziegler devotes a mere three sentences to his first issue. This issue is insufficiently developed as he lays out no argument in support of his assertion that the circuit court denied him a de novo hearing. For this reason alone, we do not consider this issue. *See* **State v. Pettit**, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App 1992) ("We may decline to review issues

---

[2] Neither the parties nor the record identify what "WebBank" is.

inadequately briefed.").  In addition, we note that Ziegler also forfeited this issue as he failed to raise it during the hearing before the circuit court; he made no suggestion that the hearing was deficient in any way much less that it specifically deprived him of his statutory entitlement to a de novo hearing.

¶6      All that said, if we did consider this issue, we would do so de novo, as it requires us to apply a statute, WIS. STAT. § 757.69(8), to a given set of facts. *See State v. Simmelink*, 2014 WI App 102, ¶5, 357 Wis. 2d 430, 855 N.W.2d 437. Section 757.69(8) provides in relevant part:  "Any determination, order, or ruling by a circuit court commissioner may be certified to the branch of court to which the case has been assigned, upon a motion of any party for a hearing de novo." Here, the question is whether the hearing the circuit court afforded Ziegler in fact constituted "a hearing de novo."

¶7      In *Stuligross v. Stuligross*, 2009 WI App 25, ¶12, 316 Wis. 2d 344, 763 N.W.2d 241, we explained that a circuit court merely reviewing "whatever record may have been made before [a] court commissioner" does not constitute a "hearing de novo" under WIS. STAT. § 757.69(8).  The hearing must be "literally a new hearing," which requires "a fresh look at the issues, including the taking of testimony."  *Stuligross*, 316 Wis. 2d 344, ¶¶12-13.  In one of his three sentences on this issue, Ziegler echoes *Stuligross*, stating that "a party who requests a hearing de novo under [WIS. STAT. § 757.69](8) is entitled to a hearing that includes testimony from the parties and their witnesses."

¶8      Ziegler is completely correct; however, this aids him not at all as he received a de novo hearing at which Velocity presented exhibits as well as a witness, whom Ziegler cross-examined, and Ziegler was afforded the opportunity to present witnesses of his own, including himself, though he declined to do so.  In

making its ruling, the circuit court considered the evidence presented to it, including the witness testimony, and the arguments by Velocity and Ziegler based upon the evidence. An appellant bears the burden of demonstrating how the circuit court erred. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Ziegler has failed to meet that burden with regard to this issue.

¶9 Ziegler next complains about the circuit court denying his motion to compel arbitration and dismiss or stay the proceedings. Interestingly, the only relief he asks for, however, is for a "new trial de novo"; he does not ask us to compel arbitration. Velocity contends the circuit court properly determined that Ziegler waived his right to arbitration under the contract.

¶10 "Whether conduct amounts to a waiver of the right to arbitrate is a mixed question of fact and law." *Meyer v. Classified Ins. Corp. of Wis.*, 179 Wis. 2d 386, 396, 507 N.W.2d 149 (Ct. App. 1993). The circuit court's findings of fact will not be set aside unless they are clearly erroneous. *Id.* However, we review de novo the application of those facts to the waiver standard. *Id.*

¶11 The circuit court denied Ziegler's motion to compel arbitration and dismiss or stay proceedings just prior to the start of Ziegler's de novo hearing. The court explained that "it would be inefficient to stay this proceeding at this stage to effect arbitration when a judgment [by the court commissioner] was already entered," "I believe we're past the time where this agreement contemplates a stay or dismissal for purposes of private arbitration," and "we don't have a

specific election for mediation through triple A,[3] but I think that's probably the least pertinent part of this decision." The court did not err.

¶12 In *Meyer*, 179 Wis. 2d at 391, 397-98, we considered Classified's "overall conduct during the pendency of the lawsuit" and held that Classified waived its right to arbitration because it failed to follow the scheduling order in filing its motion for a stay and referral to arbitration, waited until one week before the trial to file it, and had not requested arbitration in its answer. We stated:

> When parties are fully prepared for trial and the trial is scheduled to begin in a matter of days, arbitration may lose its value as an alternative to litigation. Conduct which allows an action to proceed to a point where the purpose of arbitration—to obtain a speedy, inexpensive and final resolution of disputes—is frustrated is conduct that estops a party from claiming a right to a stay of the proceedings and referral for contractual arbitration.

*Id.* at 399.

¶13 The case now before us is similar to *Meyer*. In this case, Ziegler first raised the issue of arbitration six months after Velocity filed suit against him. He waited until the parties and taxpayers had incurred the time and expense of conducting the hearing on this matter before the court commissioner. It was only after Ziegler received an unfavorable ruling by the commissioner and filed for a de novo hearing before the circuit court that he showed an interest in arbitration, making his motion just two and one-half weeks before the start of that de novo hearing. By waiting until arbitration had in large part "los[t] its value as an alternative to litigation," thus defeating the purpose of arbitration—"to obtain a

---

[3] Triple A references the American Arbitration Association. The promissory note allowed for "the election of either [party of] binding arbitration administered by the American Arbitration Association or JAMS."

speedy, inexpensive and final resolution of disputes"—Ziegler has waived his opportunity to "claim[] a right to a stay of the proceedings" and referral for arbitration. *See **id.***

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.