# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:     2022AP920

Complete Title of Case:

**U.S. BANK NATIONAL ASSOCIATION,**

   **PLAINTIFF-RESPONDENT,**

      **V.**

   **CHRISTOPHER J. KLEIN,**

      **DEFENDANT-APPELLANT.**

---

| | |
|---|---|
| Opinion Filed: | January 25, 2024 |
| Submitted on Briefs: | January 20, 2023 |

---

| | |
|---|---|
| JUDGES: | Kloppenburg, P.J., Graham, and Nashold, JJ. |
| Concurred: | |
| Dissented: | |

---

Appellant
ATTORNEYS:     On behalf of the defendant-appellant, the cause was submitted on the briefs of *Briane F. Pagel* of *Lawton Cates, S.C.*, Madison.

Respondent
ATTORNEYS:     On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marci V. Kawski*, *Lisa M. Lawless*, and *Natalia S. Kruse* of *Husch Blackwell LLP*, Madison.

COURT OF APPEALS
DECISION
DATED AND FILED

January 25, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP920**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV148

**IN COURT OF APPEALS**

---

**U.S. BANK NATIONAL ASSOCIATION,**

   **PLAINTIFF-RESPONDENT,**

  **V.**

**CHRISTOPHER J. KLEIN,**

   **DEFENDANT-APPELLANT.**

---

APPEAL from an order of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Reversed and cause remanded with directions.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

¶1     NASHOLD, J.   U.S. Bank National Association ("U.S. Bank") sued Christopher Klein to collect a debt owed pursuant to a contract that contains an arbitration provision. After litigating the case for a year in circuit court, U.S. Bank

moved to compel arbitration. Klein countered that U.S. Bank waived its right to arbitrate through its litigation conduct, an issue that the circuit court concluded must be decided in arbitration.

¶2      On appeal, Klein argues that the circuit court should have decided the waiver-by-litigation-conduct issue, while U.S. Bank argues that the court properly referred the issue to the arbitrator. Although there is not any Wisconsin case law regarding the proper forum for deciding whether a party has waived the right to arbitrate through its litigation conduct, we find persuasive the overwhelming weight of authority from other jurisdictions, which we construe to be consistent with Wisconsin law. We thus conclude that, unless the parties' arbitration agreement clearly and unmistakably provides otherwise, the waiver-by-litigation-conduct issue is for the court to decide. In other words, there is a presumption that this issue will be resolved in court. Here, because the arbitration provision does not express an intention that an arbitrator decide the issue, we reverse and remand to the circuit court to determine whether U.S. Bank waived its right to arbitrate through its litigation conduct.

## BACKGROUND

¶3      The following facts are undisputed unless otherwise noted.

¶4      In 2008, Klein purchased a boat and trailer[1] and signed a Retail Installment Contract and Security Agreement (the "Contract"), which required him to make monthly payments. At some point, Klein stopped making those payments.

---

[1] U.S. Bank's complaint states that Klein purchased a trailer, and now on appeal, U.S. Bank states that Klein purchased a boat. From our review of the record, it appears that Klein purchased a boat and trailer as a package. However, what exactly Klein purchased is not legally relevant for purposes of this appeal.

¶5      The Contract was assigned to U.S. Bank.  The Contract contains an arbitration provision, which states:

> Any claim, dispute or controversy … arising from or relating to (a) the credit or services offered or provided to you, (b) the actions of you, us or third parties or (c) the validity of this arbitration provision … must, after an election by you or us, be resolved by binding arbitration ….

¶6      The parties dispute whether U.S. Bank repossessed the boat and trailer or Klein voluntarily surrendered them, but in any event, U.S. Bank sold the boat and trailer at private sale in 2015.

¶7      In April 2021, U.S. Bank sued to recover the balance on Klein's account.  U.S. Bank alleges that after the sale of the boat and trailer, there was a deficiency of $10,277.50.

¶8      Klein initially appeared pro se and submitted a letter in response to the complaint.  By August 2021, he had retained counsel, and in November 2021, he moved to amend his responsive pleading.  Klein's amended pleading includes affirmative defenses:  that U.S. Bank's claim may be barred by U.S. Bank's unreasonable noncommercial actions, by the statute of limitations, and by laches; that U.S. Bank opted into the Wisconsin Consumer Act; and that U.S. Bank failed to mitigate its damages.  Klein's amended pleading also includes counterclaims: that U.S. Bank illegally repossessed the boat and trailer; that U.S. Bank violated WIS. STAT. § 421.108's obligation of good faith; and that U.S. Bank illegally attempted to collect the alleged debt in violation of WIS. STAT. § 427.104 (2021-

22).[2]  At a hearing in January 2022, the circuit court granted Klein's motion to amend his responsive pleading.[3]

¶9      In April 2022, a year after commencing litigation, U.S. Bank moved to compel arbitration.  Klein objected and argued that, through its litigation conduct, U.S. Bank waived its right to arbitrate.  The circuit court granted U.S. Bank's motion to compel arbitration and dismissed the case without prejudice.  The court concluded that under *First Weber Group, Inc. v. Synergy Real Estate Group, LLC*, 2015 WI 34, 361 Wis. 2d 496, 860 N.W.2d 498, the question of whether U.S. Bank had waived its right to arbitrate was for the arbitrator to decide.

¶10     Klein appeals.

## DISCUSSION

*I.  Standard of review.*

¶11     U.S. Bank's motion to compel arbitration involves contract interpretation, which we review de novo.  *See Cirilli v. Country Ins. & Fin. Servs.*, 2009 WI App 167, ¶10, 322 Wis. 2d 238, 776 N.W.2d 272.  Which forum—court or arbitrator—should decide the waiver-by-litigation-conduct issue is likewise a question of law that we review de novo.  *See Ball v. District No. 4, Area Bd. of*

---

[2]  All references to the Wisconsin Statutes are to the 2021-22 version.

[3]  Klein did not submit a proposed written order following the January 7, 2022 hearing, neither party requested a transcript, and there is thus no document in the record that reflects what the circuit court decided at the hearing.  However, the parties do not dispute that the court granted Klein's motion to amend his responsive pleadings.

*Vocational, Tech. & Adult Educ.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984) (stating that questions of law must be reviewed independently).

*II. Whether U.S. Bank waived its right to arbitrate through its litigation conduct must be decided by the circuit court.*

¶12     The Wisconsin Arbitration Act reflects Wisconsin's "policy of encouraging arbitration as an alternative to litigation." *Kemp v. Fisher*, 89 Wis. 2d 94, 100, 277 N.W.2d 859 (1979).[4]  In relevant part, the Act provides:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

---

[4] We note that, in his opening brief, Klein states that "[b]oth federal and state decisions are applicable to this matter, as Wisconsin's rules regarding arbitration waiver are identical to those applied by federal courts."  He also argues that, under both state and federal law, courts should decide waiver-by-litigation-conduct issues, and he extensively argues that the Wisconsin case relied upon by the circuit court—*First Weber Group, Inc. v. Synergy Real Estate Group, LLC*, 2015 WI 34, 361 Wis. 2d 496, 860 N.W.2d 498—is distinguishable.  However, Klein switches gears in his reply brief, arguing for the first time that, pursuant to the arbitration provision, federal law applies and, therefore, *First Weber* does not.  We do not consider this argument because it was not raised before the circuit court and because on appeal it was raised for the first time in Klein's reply brief.  *See Northbrook Wis., LLC v. City of Niagara*, 2014 WI App 22, ¶20, 352 Wis. 2d 657, 843 N.W.2d 851 ("Arguments raised for the first time on appeal are generally deemed forfeited."); *State v. Mata*, 230 Wis. 2d 567, 576 n.4, 602 N.W.2d 158 (Ct. App. 1999) ("We do not address issues raised for the first time in a reply brief.").  Accordingly, we apply Wisconsin law to the issues before us on appeal.  However, we further note that the Wisconsin Arbitration Act and the Federal Arbitration Act are substantively identical, and Wisconsin courts, when interpreting the Wisconsin Arbitration Act, routinely rely on federal cases interpreting the Federal Arbitration Act. *Riley v. Extendicare Health Facs., Inc.*, 2013 WI App 9, ¶18 n.4, 345 Wis. 2d 804, 826 N.W.2d 398.

WIS. STAT. § 788.02.[5]

¶13 A party may waive the right to arbitrate recognized by WIS. STAT. § 788.02. ***Meyer v. Classified Ins. Corp. of Wis.***, 179 Wis. 2d 386, 392, 507 N.W.2d 149 (Ct. App. 1993). "[A]ny conduct of the parties inconsistent with the notion that they treated the arbitration provision as in effect, or any conduct which might be reasonably construed as showing that they did not intend to avail themselves of such provision, may amount to a waiver thereof." ***City of Madison v. Frank Lloyd Wright Found.***, 20 Wis. 2d 361, 387, 122 N.W.2d 409 (1963) (quoting Annotation, *Waiver of Arbitration Provision in Contract*, 117 A.L.R. 301, II.a. (1938) (emphasis omitted)).

¶14 The parties do not dispute that U.S. Bank's claims and Klein's counterclaims fall under the Contract's arbitration provision. Rather, they dispute whether U.S. Bank, through its litigation conduct, waived its right to arbitrate, and

---

[5] Klein assumes that WIS. STAT. § 788.03 applies. It does not. "Sections 788.02 and 788.03, Stats., address two different circumstances." ***J.J. Andrews, Inc. v. Midland***, 164 Wis. 2d 215, 224-25, 474 N.W.2d 756 (Ct. App. 1991). Whereas § 788.02 "allows one of the parties to move to stay a pending trial to permit arbitration," § 788.03 "addresses the circumstance where a lawsuit has not been commenced" by "allow[ing] a party aggrieved by an alleged failure, neglect or refusal of another to perform arbitration to petition any court for an order to arbitrate." ***Id.*** (emphasis omitted). We have interpreted ***J.J. Andrews*** to say that "the special procedure for compelling arbitration contained in § 788.03 is not available when a lawsuit has already been commenced." ***Payday Loan Store of Wis. Inc. v. Krueger***, 2013 WI App 25, ¶9, 346 Wis. 2d 237, 828 N.W.2d 587. Here, because an action had already been commenced in the circuit court, § 778.03 does not apply.

We further note that although WIS. STAT. § 788.02 appears to contemplate that proceedings will be stayed while the parties arbitrate, here, the circuit court dismissed the action without prejudice. The federal circuit courts of appeals are divided on the issue of whether, under the Federal Arbitration Act's analogue to § 788.02, district courts retain discretion to dismiss actions after all claims have been referred to arbitration. *See generally* ***Katz v. Cellco P'ship***, 794 F.3d 341, 344-45 (2d Cir. 2015) (explaining the circuit split). Citing federal case law, U.S. Bank argued before the circuit court that the proceedings should be dismissed because all of the claims in the action were referable to arbitration. The circuit court dismissed the action without stating its reasoning for doing so, but presumably the court agreed with U.S. Bank. We need not address the propriety of dismissing the action rather than staying the proceedings, and we only mention that the action was dismissed rather than stayed to say that § 788.02 applies notwithstanding.

whether the waiver-by-litigation-conduct issue should be determined by the circuit court or by an arbitrator. Klein argues that the court should decide the waiver-by-litigation-conduct issue. U.S. Bank argues that the court correctly concluded that the arbitrator should decide the issue, relying primarily on *First Weber*, 361 Wis. 2d 496, the same precedent upon which the circuit court relied.

¶15 *First Weber* does not specifically address which forum should decide the waiver-by-litigation-conduct issue. There, the arbitration agreement at issue imposed a 180-day time limit for filing arbitration requests. *Id.*, ¶¶9, 18. First Weber filed a petition to compel arbitration under WIS. STAT. § 788.03, which the circuit court denied because it found that First Weber had filed its request to arbitrate outside the 180-day limit. *Id.*, ¶18. The issue raised on appeal was "whether the timeliness of the arbitration request should be decided by a court or in arbitration." *Id.*, ¶21.

¶16 However, *First Weber* does address generally which issues should presumptively be decided by circuit courts, and which should presumptively be decided by arbitrators. *Id.*, ¶¶34-46. In addressing this issue, the *First Weber* court distinguished between "substantive arbitrability" and "procedural arbitrability." *Id.* "'Substantive arbitrability refers to whether the dispute involves a subject matter which the parties have contracted to submit to arbitration'"; in contrast, "'[p]rocedural arbitrability concerns issues such as whether certain procedures apply to a particular dispute, whether such procedures were followed or excused, and whether unexcused failure to follow procedure avoids the duty to arbitrate.'" *Id.*, ¶34 (quoting 1 LARRY EDMONSON, DOMKE ON COMMERCIAL ARBITRATION § 15:4 (3d ed. 2014)). The distinction is significant because "[i]n an action to compel arbitration, a court's role generally is limited to determining the question of substantive arbitrability, unless the parties specifically agreed otherwise." *Id.*, ¶36.

Conversely, "[i]ssues of procedural arbitrability are to be resolved during arbitration, rather than by a court, unless the parties agreed otherwise." *Id.*, ¶37.

¶17     The *First Weber* court, quoting language from U.S. Supreme Court decisions, listed "waiver" as a matter of procedural arbitrability:  "Issues of procedural arbitrability include claims of waiver, delay, or a like defense to arbitrability." *Id.* (internal quotation marks omitted).  U.S. Bank contends that this language controls the outcome here, and this language is presumably what the circuit court relied on in referring the waiver-by-litigation-conduct issue to arbitration.

¶18     For several reasons, we conclude that this language does not refer to waiver by litigation conduct, which is an issue that should presumptively be decided by courts rather than in arbitration.

¶19     At the outset, we note that several federal courts of appeals have addressed whether the waiver-by-litigation-conduct issue should be decided by the court or by the arbitrator when the parties have not expressly agreed to resolve the issue in a particular forum.  As we explain in detail below, the U.S. Supreme Court has generally listed "waiver" as an issue that is presumptively for an arbitrator to decide.  However, the vast majority of federal courts addressing the issue more specifically have concluded that the court should presumptively decide whether a party has waived the right to arbitrate through its litigation conduct. *See, e.g.*, *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 9-15 (1st Cir. 2005) ("The proper presumption … is that the waiver[-by-litigation-conduct] issue is for the court and not the arbitrator ….   A shifting of the issue to the arbitrator will only be found where there is 'clear and unmistakable' evidence of such an intent in the arbitration agreement." (quoted source omitted)); *see also* *Ehleiter v. Grapetree Shores, Inc.*,

482 F.3d 207, 215-22 (3d Cir. 2007); ***Vine v. PLS Fin. Servs., Inc.***, 689 F. App'x 800, 802-03 (5th Cir. 2017) (per curiam); ***International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.***, 999 F.3d 257, 263-64 (5th Cir. 2021) (endorsing ***Vine***'s reasoning); ***JPD, Inc. v. Chronimed Holdings, Inc.***, 539 F.3d 388, 393-94 (6th Cir. 2008); ***Martin v. Yasuda***, 829 F.3d 1118, 1122-24 (9th Cir. 2016); ***Grigsby & Assocs., Inc. v. M Sec. Inv.***, 664 F.3d 1350, 1352-54 (11th Cir. 2011).[6]  We are persuaded by these courts' reasoning and reach the same conclusion, which, as we now explain, is consistent with Wisconsin law.[7]

¶20    We start by explaining where the language that our supreme court quoted in ***First Weber*** originates.  In ***First Weber***, the court found two U.S. Supreme Court cases "highly persuasive."  ***First Weber***, 361 Wis. 2d 496, ¶45.  The ***First***

---

[6] A qualification to what otherwise appears to be a consensus among the federal circuit courts of appeals is the Eighth Circuit's decision in ***National American Insurance Co. v. Transamerica Occidental Life Insurance Co.***, 328 F.3d 462 (8th Cir. 2003).  There, however, the alleged waiver was based on conduct in prior arbitration, rather than in litigation, ***id.*** at 463, and courts have distinguished it on that basis, *see, e.g.*, ***Sitzer v. National Association of Realtors***, 12 F.4th 853, 856 (8th Cir. 2021); ***Ehleiter v. Grapetree Shores, Inc.***, 482 F.3d 207, 219-21 (3d Cir. 2007); ***Parler v. KFC Corp.***, 529 F. Supp. 2d 1009, 1014 (D. Minn. 2008).

At least one federal circuit court of appeals has concluded that the waiver-by-litigation-conduct issue is presumptively for a court to decide without addressing language from the U.S. Supreme Court decisions that generally identifies "waiver" as a matter of procedural arbitrability. *See* ***Meyer v. Uber Techs., Inc.***, 868 F.3d 66, 80-81 (2d Cir. 2017).

[7] We note that the vast majority of state courts that have addressed the issue have also concluded that the issue belongs in court, and that this is consistent with the U.S. Supreme Court opinions that generally identify "waiver" as a matter of procedural arbitrability.  *See, e.g.*, ***Ocwen Loan Servicing, LLC v. Washington***, 939 So. 2d 6, 11-15 (Ala. 2006); ***Radil v. National Union Fire Ins. Co. of Pittsburg, PA***, 233 P.3d 688, 693-95 (Colo. 2010); ***Principal Invs. Inc. v. Harrison***, 366 P.3d 688, 693-95 (Nev. 2016); ***American Gen. Home Equity, Inc. v. Kestel***, 253 S.W.3d 543, 550-53 (Ky. 2008); ***Perry Homes v. Cull***, 258 S.W.3d 580, 587-89 (Tex. 2008); ***Good Samaritan Coffee Co. v. LaRue Distrib., Inc.***, 748 N.W.2d 367, 372-75 (Neb. 2008), *overruled on other grounds by* ***Kingery Constr. Co. v. 6135 O St. Car Wash, LLC***, 979 N.W.2d 762 (Neb. 2022); ***Hong v. CJ CGV Am. Holdings, Inc.***, 166 Cal. Rptr. 3d 100, 107-15 (Ct. App. 2013); ***Palmcrest Homes of Tampa Bay, LLC v. Bank of Am., N.A.***, 67 So. 3d 1169, 1173 (Fla. Dist. Ct. App. 2011).

*Weber* court relied on those cases—*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), and *BG Group PLC v. Republic of Argentina*, 572 U.S. 25 (2014)—to distinguish issues of procedural arbitrability from issues of substantive arbitrability. *First Weber*, 361 Wis. 2d 496, ¶37. The language in *First Weber* that U.S. Bank highlights, and that the circuit court presumably relied on, quotes *BG Group* as saying that "waiver" is an issue of procedural arbitrability that is presumptively for an arbitrator to decide. *First Weber*, 361 Wis. 2d 496, ¶37.[8] The U.S. Supreme Court said the same thing in *Howsam* twelve years earlier.[9] *Howsam*, 537 U.S. at 84. In both instances, the Court relies on the same authority: *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1 (1983). There, the Court stated that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25. Understood in context, the language from these cases does not refer to the specific issue of whether a party has waived its contractual right to enforce an arbitration agreement based on its litigation conduct.

¶21 Indeed, neither *BG Group*, *Howsam*, nor *Moses H. Cone Memorial Hospital* addresses the waiver-by-litigation-conduct issue. In *BG Group*, at issue

---

[8] In *BG Group*, the U.S. Supreme Court stated that "courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration. These procedural matters include claims of 'waiver, delay, or a like defense to arbitrability.'" *BG Grp. PLC v. Republic of Argentina*, 572 U.S. 25, 34-35 (2014) (citation omitted).

[9] In *Howsam*, the U.S. Supreme Court stated that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (alteration in original; emphasis, citations, and internal quotation marks omitted).

was whether the court or an arbitrator "bears primary responsibility for interpreting and applying" a "local [court] litigation requirement" contained in an arbitration provision. *BG Grp.*, 572 U.S. at 29. In *Howsam*, the issue presented was whether the applicability of a time limit imposed by the arbitrating forum was for an arbitrator or a judge to decide. *Howsam*, 537 U.S. at 81-82. And in *Moses H. Cone Memorial Hospital*, the Court was analyzing, in a federal action seeking to compel arbitration, whether abstention was appropriate, due to parallel litigation in state court, pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23-24. The "waiver" at issue in the state court proceedings was not based on litigation conduct, but rather on delay in seeking to arbitrate claims. *Id.* at 5-7.

¶22    Because these cases do not involve waiver by litigation conduct, and because "waiver" can have different meanings, federal courts have not construed these U.S. Supreme Court cases to say that the waiver-by-litigation-conduct issue should be decided by an arbitrator. *See, e.g.*, *Ehleiter*, 482 F.3d at 217-19 ("[T]he Supreme Court did not intend its pronouncement[] in *Howsam* … to upset the 'traditional rule' that courts, not arbitrators, should decide the question of whether a party has waived its right to arbitrate by actively litigating the case in court.… Properly considered within the context of the entire [*Howsam*] opinion, … we believe it becomes clear that the Court was referring only to waiver, delay, or like defenses arising from non-compliance with contractual conditions precedent to arbitration, such as the … time limit rule at issue in that case, and not to claims of waiver based on active litigation in court."); *see also N&D Fashions, Inc. v. DHJ Indus., Inc.*, 548 F.2d 722, 728 (8th Cir. 1976) (explaining that "waiver" can mean waiver by litigation conduct or, alternatively, be used "in the sense of 'laches' or

11

'estoppel'"); *Marie*, 402 F.3d at 14 n.9 (noting that "other doctrines," "such as laches," "are sometimes (erroneously) referred to as waiver").[10]

¶23 We similarly conclude that, understood in context, when *Howsam* and *BG Group* identified "waiver" as a matter of procedural arbitrability to be decided by an arbitrator, they were not referring to waiver by litigation conduct. This conclusion is consistent with our supreme court's reliance on these opinions in *First Weber*, where defenses of timeliness and estoppel were identified as matters of procedural arbitrability to be determined in arbitration, and where waiver by litigation conduct was not at issue. *See First Weber*, 361 Wis. 2d 496, ¶49.

¶24 This conclusion is also consistent with Wisconsin law in that, both before and after *Howsam*, *BG Group*, and *First Weber*, Wisconsin circuit courts have routinely decided, and we have routinely reviewed, the waiver-by-litigation-conduct issue. *See, e.g.*, *J.J. Andrews, Inc. v. Midland*, 164 Wis. 2d 215, 221-24, 474 N.W.2d 756 (Ct. App. 1991); *Meyer*, 179 Wis. 2d at 392-99; *Jacob v. West Bend Mut. Ins. Co.*, 203 Wis. 2d 524, 539-40, 553 N.W.2d 800 (Ct. App. 1996); *Velocity Invs., LLC v. Ziegler*, No. 2021AP556, unpublished slip op. ¶¶9-13 (WI App Dec. 8, 2021). To be sure, in our review of these cases, the issue of which forum should decide whether a party has waived its right to arbitrate through its litigation conduct was not raised, and we do not know how frequently, if at all, the waiver-by-litigation-conduct issue might instead have been resolved by an arbitrator. All the same, it is noteworthy that circuit courts have routinely decided

---

[10] Because *Howsam* preceded *BG Group* by twelve years, many decisions addressing the proper forum for deciding the waiver-by-litigation-conduct issue consider only *Howsam*. The reasoning of those decisions is equally applicable to *BG Group*, as the relevant language in *Howsam* and *BG Group* is substantively the same. *See Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800, 803 (5th Cir. 2017) (per curiam).

that issue, and that we have routinely reviewed those decisions, without any comment as to the propriety of doing so.

¶25    In fact, it makes good sense for a court, rather than an arbitrator, to decide whether a party has waived its right to arbitrate through its litigation conduct.

¶26    First, courts "are well-trained to recognize abusive forum shopping." *Marie*, 402 F.3d at 13; *see also **Ehleiter***, 482 F.3d at 218 ("[T]he trial judge, having been directly involved in the entire course of the legal proceedings, is better positioned to determine whether the belated request for arbitration is a thinly veiled attempt to forum shop."). Because courts are better qualified to determine when a party has waived the right to arbitrate through its litigation conduct, parties would expect courts to decide the waiver-by-litigation-conduct issue. *Marie*, 402 F.3d at 13; *see **Howsam***, 537 U.S. at 85; ***First Weber***, 361 Wis. 2d 496, ¶27.

¶27    Second, because the inquiry into whether a party has waived its right to arbitrate by litigating the case in court "heavily implicates *judicial* procedures, … the court should remain free to control the course of proceedings before it and to correct abuses of those proceedings, rather than being required to defer to the findings [of] an arbitrator with no previous involvement in the case." ***Ehleiter***, 482 F. 3d at 218 (internal quotation marks and quoted sources omitted).

¶28    Third, "sending waiver[-by-litigation-conduct] claims to the arbitrator would be exceptionally inefficient." ***Marie***, 402 F.3d at 13. If a circuit court refers the waiver-by-litigation-conduct issue to arbitration and the arbitrator decides that a party waived its right to arbitrate, the merits of the dispute could then end up right back before the court. In other words, "[t]he case would have bounced back and forth between tribunals without making any progress." ***Id.*** at 14. In contrast, normally when an arbitrator determines that a "gateway issue" precludes arbitration,

13

there is no possibility that the merits of the underlying dispute would then be referred back to the court—if an arbitrator's decision bars arbitration, it will also bar litigation. *Id.* ("[N]ormally, the resolution of … a[] [gateway] issue would bar not only arbitration but any sort of litigation on the issues by either side."). Having the court decide the waiver-by-litigation-conduct issue thus promotes "arbitration's goal of speedy dispute resolution." *First Weber*, 361 Wis. 2d 496, ¶45.

¶29 Relatedly, the distinction between substantive and procedural arbitrability "prevents courts from ruling on the merits of an underlying claim when determining whether to compel arbitration." *Id.*; *see also id.*, ¶32 ("'When the court determines arbitrability it … has no business weighing the merits of the grievance. It is the arbitrators' decision for which the parties bargained.'" (quoting *Joint Sch. Dist. No. 10, City of Jefferson v. Jefferson Educ. Ass'n*, 78 Wis. 2d 94, 111, 253 N.W.2d 536 (1977))). But whether a party has waived arbitration by pursuing litigation is not likely to implicate the merits of the dispute. *See Marie*, 402 F.3d at 13.

¶30 Finally, requiring a court to decide the waiver-by-litigation-conduct issue comports with WIS. STAT. § 788.02. If an issue is "referable to arbitration under an [arbitration] agreement," § 788.02 requires that a court refer the matter to arbitration "in accordance with the terms of the agreement, *providing the applicant for the stay is not in default in proceeding with such arbitration*." (Emphasis added.) Federal courts, interpreting identical language in the Federal Arbitration Act, 9 U.S.C. § 3, have interpreted "default" to include the waiver-by-litigation-conduct issue. *See, e.g.*, *Marie*, 402 F.3d at 12-13. We have similarly "read the 'waiver by conduct' rule and the sec. 788.02, Stats., 'default in proceeding' language as being synonymous." *Meyer*, 179 Wis. 2d at 395 n.1. Thus, when a party has waived the right to arbitrate by pursuing litigation, § 788.02 recognizes an

exception to the requirement that a court refer the matter to arbitration. *See Marie*, 402 F.3d at 12-13 (stating that 9 U.S.C. § 3 "would seem to place a statutory command on courts, in cases where a stay is sought, to decide the waiver issue themselves").

¶31 For these reasons, we conclude that, unless the parties' arbitration agreement clearly and unmistakably provides otherwise, a court must decide whether a party has waived the right to arbitration through its litigation conduct. *See Marie,* 402 F.3d at 9; *see also Howsam*, 537 U.S. at 83 (adopting this standard to determine when presumptions regarding substantive and procedural arbitrability apply); *First Weber*, 361 Wis. 2d 496, ¶45 (finding *Howsam*'s presumptions persuasive). Here, the arbitration provision does not express a clear and unmistakable intent that the waiver-by-litigation-conduct issue should be determined by an arbitrator; therefore, the circuit court must decide the issue.

¶32 Accordingly, we remand to the circuit court to determine whether U.S. Bank waived, through its litigation conduct, its right to arbitrate. Although U.S. Bank invites us to decide the issue ourselves in the first instance, "[w]hether conduct amounts to a waiver of the right to arbitrate is a mixed question of fact and law." *Meyer*, 179 Wis. 2d at 396. Because the court has not made any findings of fact on the issue, remand is appropriate.[11]

---

[11] Although we have decided in Klein's favor the question of which forum decides the waiver-by-litigation-conduct issue, he raises two other arguments that we briefly address. First, Klein argues that he is entitled to a jury trial on the issue of whether U.S. Bank "fail[ed], neglect[ed], or refus[ed]" to comply with the arbitration clause pursuant to WIS. STAT. § 788.03. As noted above, however, § 788.03 does not apply; because the issues were being litigated, WIS. STAT. § 788.02 applies. *See J.J. Andrews*, 164 Wis. 2d at 224-25.

## CONCLUSION

¶33 We conclude, consistent with extensive and virtually uniform persuasive authority from other jurisdictions, and consistent with Wisconsin law, that, unless an arbitration agreement clearly and unmistakably provides otherwise, whether a party has waived the right to arbitrate through its litigation conduct is an issue for a court, not an arbitrator, to decide. Because the parties here did not agree that the waiver-by-litigation-conduct issue would be decided in arbitration, we remand for the circuit court to determine whether U.S. Bank waived its right to arbitrate through its litigation conduct.

*By the Court.*—Order reversed and cause remanded with directions.

---

Second, Klein argues that U.S. Bank's conduct in seeking arbitration only after engaging in considerable litigation renders the arbitration provision unconscionable and thus unenforceable, which, according to Klein, is an issue to be decided by a court. U.S. Bank responds that, pursuant to the arbitration provision, Klein's unconscionability challenge must be decided in arbitration. Specifically, U.S. Bank points to the following language: "Any claim, dispute, or controversy … arising from or relating to … the validity of this arbitration provision … must, after an election by you or us, be resolved by binding arbitration …." Klein does not address U.S. Bank's argument in his reply brief.

As stated, we have already concluded that the circuit court must decide the waiver-by-litigation-conduct issue. If the court does decide that U.S. Bank waived its right to arbitrate, then Klein's unconscionability argument would be moot. Regardless, we further conclude that, by failing to address in his reply brief U.S. Bank's argument on the issue, Klein has conceded that the issue of unconscionability must be decided in arbitration pursuant to the terms of the arbitration provision. *See* **United Coop. v. Frontier FS Coop.**, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (failure by appellant to respond in reply brief to an argument made in respondent's brief may be taken as a concession).